## Smith, Appellant, *v.* Dreyer.

*Evidence—Parol agreement—Memorandum in writing.*

A memorandum in writing offered by the plaintiff in an action of assumpsit to corroborate his testimony as to an alleged oral agreement with defendant, is properly excluded where it appears that it was dated three months after the alleged agreement, that it was not made in pursuance of any agreement, or in the presence of the defendant, or by his direction, or with his knowledge and consent, and that the memorandum on its face did not in fact support, but tended to contradict plaintiff's testimony.

Argued May 10, 1910. Appeal, No. 1, Jan. T., 1910, by plaintiff, from judgment of C. P. Mifflin Co., May T., 1908, No. 105, on verdict for defendant in case of William G. Smith v. Peter Dreyer. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover a balance alleged to be due on a contract. Before WOODS, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was the refusal to admit a memorandum and note.

*Wm. H. Sponsler,* with him *T. M. Uttley & Son,* for appellant.

*James M. Barnett,* of *Barnett & Son,* with him *Culbertson & Culbertson,* for appellee.

PER CURIAM, May 24, 1910:

There is but a single assignment of error and that is in direct violation of rule 31 of this court. It alleges error in not admitting in evidence the memorandum note and the writing thereon. The learned court was clearly right in

excluding the offer. The note and the memorandum thereon were offered to corroborate the plaintiff who testified that the defendant agreed, on or about November 2, 1907, to assume payment of the note given by Smith and Dreyer to the trust company on August 3, 1907. The memorandum is dated February 1, 1908, about three months after the date of the alleged agreement. It was not shown that the memorandum was made in pursuance of any agreement between the parties to the action, or that the person who made it knew of any conversation or agreement that it should be made. It does not appear that it was made in the presence of the defendant or by his direction or with his knowledge and consent, and neither Hartman nor Grove was called to explain it. But aside from any other sufficient reason for rejecting the offer, the memorandum did not tend to sustain the plaintiff's allegation or to prove that the defendant agreed to assume the payment of the note. The most it does show, if it shows anything, is that notice was to be given to Dreyer to pay the interest on the note which, it appears, he did on two different occasions, the last being on the day the memorandum was dated. Both parties continued liable to the trust company for the payment of the note.

In fact, the memorandum did not support but tended to contradict the plaintiff's testimony. He alleged and testified that the defendant, on or about November 2, 1907, agreed to assume the payment of the note, and that Mr. Hartman, the treasurer of the trust company, said they would arrange the matter by a memorandum note that would release the plaintiff from liability thereon. This memorandum note, however, did not release the plaintiff but his liability thereon continued the same as it was when he and Dreyer, the defendant, executed the note. In no aspect was the offer of the memorandum or of the copy of the note on which it was made admissible, and, therefore, it was not error to reject it.

Judgment affirmed.